UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pierre Kalombo, | Case No. 24-cv-1980 (PAM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Matthew, et al., | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge under a general assignment made in accordance with 28 U.S.C. § 636 and on Plaintiff Pierre Kalombo's initial pleading, [Docket No. 1], and his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). [Docket No. 3].

For the following reasons, the Court recommends that this action be **DISMISSED without prejudice**, and Plaintiff's IFP Application be **DENIED as moot**.

Plaintiff is presently being detained by U.S. Customs and Immigration Enforcement authorities at the Kandiyohi County Jail. (See, e.g., Envelope [Docket No. 1-1] at 1). Plaintiff's pleading is one-page document which states that Plaintiff seeks to press claims against "Matthew"—identified as the Kandiyohi County Jail's warden—and the Kandiyohi County Jail itself. Plaintiff alleges that in the early evening of May 8, 2024, he asked an officer—it appears that Plaintiff means "Matthew" here—if the facility was "on lockdown," and the officer "offended [Plaintiff] with curse words, for nothing." (Id.) He states that he filed a grievance about the incident with jail staff, but that there has been no response by Kandiyohi County Jail to his grievance. (See Id.).

Rather than pay this action's filing fee, Plaintiff submitted the IFP Application, which suggests that as a financial matter he qualifies for IFP status. Under Federal Rule of Civil Procedure 12(h)(3), however, if a court "determines at any time that it lacks subject-matter jurisdiction [over an action], the court must dismiss [it]." Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1849 (2019) (noting that "courts must consider [challenges to subject-matter jurisdiction] sua sponte" (citing Gonzalez v. Thaler, 565 U.S. 134, 141 (2012))); Thigulla v. Jaddou, 94 F.4th 770, 773 (8th Cir. 2024) (quoting Davis). The burden of establishing subject-matter jurisdiction rests with the party seeking to invoke it—here, Plaintiff. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182–83 (1936)); Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 715 F.3d 712 (8th Cir. 2013) (quoting Kokkonen).

Plaintiff makes no effort to show that federal subject-matter jurisdiction exists here. Plaintiff's purported pleading lacks any mention or reference to a constitutional or statutory provision which might underpin his suit.

The two main routes to federal subject matter jurisdiction are federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction plainly does not apply here: it applies in certain cases involving (as relevant here) "citizens of different States," see Id. § 1332(a)(1), and here the parties are all Minnesota-based for diversity purposes. This leaves federal-question jurisdiction, under which "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. Even liberally construing his pleading in his favor, Plaintiff's pleadings lacks any basis upon which this Court could reasonably conclude that there is a constitutional or federal-statutory provision underlying his claim here.

Thus, the Court concludes that Plaintiff has failed to establish the subject-matter jurisdiction necessary to demonstrate that this Court has the requisite authority to adjudicate his claims.[1]

The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction. Given this recommendation, the Court further recommends denying the IFP Application as moot.

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice**, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction; and

2. Plaintiff Pierre Kalombo's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 3], be **DENIED as moot**.

Dated: July 1, 2024              　s/ Leo I. Brisbois　　　　　
　　　　　　　　　　　　　　　　 Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　 United States Magistrate Judge

---

[1] It is, of course, a Plaintiff's burden to plead the federal-law basis of his suit, and the Court's decision above hinges on that point. As a follow-up issue, however, the Court notes that it is unaware of any constitutional provision or federal law which could give Plaintiff a private right of action to sue prisons or prison officials merely for allegedly using "curse words." See Booker v. Anamosa State Penitentiary, No. 22-cv-65 (LTS/KEM), 2023 WL 2229002, at *4 (N.D. Iowa Feb. 24, 2023) (noting that "the Eighth Circuit has stated that 'verbal threats and name calling usually are not actionable under § 1983'" and that "district courts have dismissed teasing and verbal harassment claims on initial review" (cleaned up; citing cases for both propositions; citations omitted)). So even if Plaintiff had pointed to a constitutional provision or federal statute here—and to be clear, he has not—Plaintiff's pleading likely would fail to state a claim.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).